UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID WILLIAMS,

              Plaintiff,

    v.

C. RASEY,

              Defendant.

Case No. 1:21-cv-00203-NONE-EPG (PC)

ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS

David Williams ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 20, 2021, the Court entered an order requiring the parties to file scheduling and discovery statements. (ECF No. 18). The parties have now filed their statements. (ECF Nos. 21, 22).

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] the Court will direct that certain documents that are central to the dispute be promptly produced.[2]

---

[1] *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

According to Defendant's scheduling and discovery statement (ECF No. 21, p. 3), Defendant has already produced the following to Plaintiff:

- Plaintiff's appeal history, grievance log number SATF-HC-19001152, and correspondence to Plaintiff from the Appeal's Coordinator.
- Plaintiff's September 25, 2020 Classification Committee Chrono and Rules Violation Report log number SATF-F-F0032-043001L.
- Plaintiff's Medical Records from January 2019 through March 2021.
- Plaintiff's 7219, dated August 6, 2019.
- Plaintiff's August 7, 2019 use of force video interview, produced to the Litigation Coordinator at Plaintiff's institution.

Accordingly, IT IS ORDERED that:

If Defendants obtain additional documents falling within these categories of above documents already produced, they shall promptly produce them to Plaintiff.

Additionally, Defendant's scheduling and discovery statement (*Id.* at p. 5) explains as follows:

> An investigation was conducted into Plaintiff's use of force allegation, including an Institutional Executive Review Committee Allegation Review and Confidential Appeal Inquiry. Defendant does not intend to use these records at trial, which are confidential under California law and protected under the official information privilege because disclosure of these records may endanger the safety of inmates and staff, and jeopardize the safety and security of the institution. (See attached Declaration of J. Barba, SATF Litigation Coordinator.) However, upon request of the Court, Defendant can submit these records for in camera review. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) ("To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.")."

Withing thirty days from the date of service of this order, the Court will require Defendant to produce to Plaintiff or to provide to the Court for *in camera* review any witness

statements and evidence gather as part of this investigation.[3] Should Defendant choose to provide the above statements and evidence for *in camera* review, Defendant shall follow the procedures described in the Court's scheduling order.[4]

IT IS SO ORDERED.

Dated:   **May 20, 2021**                          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

[4] At this time, the Court is not ordering production or review of any analyses or conclusions reached.  If Plaintiff wishes to compel the production of such documents, Plaintiff may file a motion to compel.