# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>C. RASEY,<br><br>   Defendant. | Case No. 1:21-cv-00203-NONE-EPG (PC)<br><br>ORDER RE: DOCUMENTS WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE |

David Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case proceeds on Plaintiff's original complaint (ECF No. 1), on Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against Defendant Casey (ECF No. 8, at p. 5). Plaintiff's complaint generally alleges that, on July 30, 2019, Defendant C. Rasey struck Plaintiff in his stomach, causing severe pain. Defendant Rasey assaulted Plaintiff because he filed a grievance against her colleagues.

Based on information provided in Defendant Rasey's scheduling conference statement, (ECF No. 21), the Court ordered the parties to produce or provide to the Court for *in camera* review any witness statements and evidence gathered as part of this investigation. (ECF No. 24, at p. 2-3).

On June 8, 2021, Defendant Rasey complied with the Court's order and submitted the documents for *in camera* review. (ECF No. 25). Defendant Rasey included an explanation for her claim that the documents should be withheld under the official information privilege. She

1

also included a declaration from J. Barba. (Id.). Defendant also provided proposed redacted versions of the same documents, which redacted certain particularly sensitive and confidential information.

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

With these legal standards in mind, the Court has conducted an *in camera* review of the documents withheld under the official information privilege.

The Court holds that the following documents or portions of documents should be produced *in redacted form* because the potential benefits of disclosure outweigh the potential disadvantages.

- DEF 0486
- DEF 0487
- DEF 0488
- DEF 0491
- DEF 0492

- DEF 0497
- DEF 499-500. However, Defendants may redact the conclusion paragraph of this document, which does not include any witness statements or factual information.

These documents include statements from Plaintiff and Defendant about the central issue in this lawsuit, i.e., whether Defendant Rasey struck Plaintiff. They also include the statement of another witness.

The Court holds that the remaining documents and redactions may be withheld under the official information privilege. The Court believes that the benefits of disclosure in terms of relevance to this lawsuit are outweighed by the potential disadvantages regarding confidentiality and security.

For the foregoing reasons, it is ordered that, within thirty days of the date of service of this order, Defendant Rasey shall produce to Plaintiff the documents listed above in redacted form.

Defendant Rasey is permitted to withhold the remaining documents under the official information privilege.

IT IS SO ORDERED.

Dated: **June 22, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE