UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>C. RASEY,<br><br>        Defendant. | Case No. 1:21-cv-00203-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 29) |

Plaintiff David Williams ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 18, 2021. (ECF No. 1).

On July 21, 2021, Plaintiff filed a motion for appointment of counsel. (ECF No. 29). Plaintiff asks for appointment of counsel because his depression is hampering his ability to litigate his case and because he has limited access to legal resources. (*Id.* at 1-2).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request

the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time. Notably, the Court already denied a motion for appointment of counsel on June 22, 2021, in which Plaintiff also asserted that his mental health warranted appointment of counsel. (ECF Nos. 26, 27). As before, the Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 29) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 22, 2021**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE