UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAMS,<br><br>      Plaintiff,<br><br>   v.<br><br>C. RASEY,<br><br>      Defendant. | Case No. 1:21-cv-00203-JLT-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 34) |

    Plaintiff David Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 29, 2021, the Clerk noted on the record that the Court's November 17, 2021, minute order regarding a settlement conference had been returned as "[r]efused" after it was mailed to Plaintiff. (*See* ECF No. 33). It appears that Plaintiff has failed to keep the Court updated as to his current address as required by the Court's prior order and Local Rule 182(f). (*See* ECF No. 3, p. 5).

    On December 23, 2021, Defendant C. Rasey moved for partial summary judgment respecting Plaintiff's claim that Defendant removed or terminated Plaintiff from his kitchen job. (ECF No. 34-2). Under Local Rule 230(l), Plaintiff's response was due within twenty-one days after Defendant served him with a copy of the motion. To date, Plaintiff has not filed an opposition to the motion for summary judgment, and the time period for him to do so has expired.

    Local Rule 230(l) provides that the failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." While a motion for summary judgment cannot be granted

by default, *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013), the Court does have other options when a party fails to respond. For example, if Plaintiff fails to respond, the Court may treat the facts asserted by Defendants as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Additionally, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under this Rule, a court may dismiss an action *sua sponte*. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Additionally, the Court has the inherent power to *sua sponte* dismiss an action for failure to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

However, given Plaintiff's *pro se* status, the Court will not impose any sanctions or treat the facts asserted by Defendant as undisputed at this time nor will it impose any sanction based on Plaintiff's apparent failure to update his mailing address. Rather, to ensure that Plaintiff has had a sufficient opportunity to respond to the motion for summary judgment, the Court will grant Plaintiff one final opportunity to respond.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff has until February 18, 2022, to file and serve an opposition or a statement of non-opposition to Defendant's motion for summary judgment or to request additional time to do so.

2. If Plaintiff files an opposition, Defendants have seven days from the date the opposition is filed in CM/ECF to file and serve a reply to the opposition.

3. Additionally, Plaintiff is reminded that he is required to keep the Court updated as to his current mailing address.

3. If Plaintiff fails to comply with this order, in ruling on Defendant's motion for summary judgment, the Court may treat the facts asserted by Defendant in the motion for summary judgment as undisputed.

Alternatively, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with the court orders and the Rules.

IT IS SO ORDERED.

Dated:  **January 24, 2022**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE