UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>C. RASEY,<br><br>            Defendant. | Case No. 1:21-cv-00203-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS<br><br>(ECF Nos. 3, 34, 36) |

Plaintiff David Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 23, 2021, Defendant C. Rasey moved for partial summary judgment. (ECF No. 34-2). Despite this Court *sua sponte* extending the time for Plaintiff to respond after he timely failed to do so, Plaintiff has not filed any response to the motion for summary judgment. (ECF No. 36). Moreover, recent mail has been returned to the Court as undeliverable, evidently because Plaintiff has failed to keep the Court updated as to his current address despite the Court's February 19, 2021 order requiring him to do so. (ECF No. 3, p. 5; 11/29/21 docket entry; 2/7/22 docket entry); *see* Local Rule 182(f). Because Plaintiff has failed to prosecute this case and comply with Court orders, the Court recommends dismissal of this case.

**I.      BACKGROUND**

Plaintiff filed this action on February 18, 2021, with this case proceeding on Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against Defendant

1

Casey. (ECF No. 8). Generally, Plaintiff's claims concern an allegation that Rasey struck Plaintiff in his stomach and removed or terminated Plaintiff from his assigned job in the kitchen.

On November 29, 2021, the Clerk noted on the record that the Court's November 17, 2021, minute order regarding a settlement conference had been returned as "[r]efused" after it was mailed to Plaintiff. (*See* 11/29/21 docket entry; ECF No. 33).

On December 23, 2021, Defendant C. Rasey moved for partial summary judgment respecting Plaintiff's claim that Defendant removed or terminated Plaintiff from his kitchen job. (ECF No. 34-2). Under Local Rule 230(l), Plaintiff's response was due within twenty-one days after Defendant served him with a copy of the motion. After Plaintiff failed to timely file an opposition to the motion, the Court *sua sponte* extended the time for him to do so on January 24, 2022, giving him until February 18, 2022, to file an opposition or statement of non-opposition. (ECF No. 36). The Court warned Plaintiff that, should he file nothing, it may recommend that this case be dismissed for failure to prosecute and failure to comply with the Court orders.  To date, Plaintiff has not done so and his deadline has expired.

On February 7, 2022, the Clerk noted on the record that the January 7, 2022 order regarding reassignment of this action had been returned as "[n]ot [d]eliverable as [a]ddressed, [u]nable to [f]orward." (*See* 2/7/22 docket entry; ECF No. 35). To date, Plaintiff has provided no updated mailing address.

**II.    ANALYSIS**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a response to the motion for summary as required by the Court's order, update his address as required by the Court's order, and otherwise prosecute this action is delaying the case. Such failure to respond to the motion for summary judgment, or even request an extension of time to do so, despite being given a *sua sponte* extension, indicates that Plaintiff has no intention of pursuing his case. Notably, Plaintiff has not filed anything in this case since his July 21, 2021 motion to appoint counsel. (ECF No. 29). Allowing this case to proceed further, without any indication that Plaintiff wishes to prosecute this action, would waste judicial resources. *Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("Yet despite the considerable leeway plaintiff has been granted in prosecuting this case because of his pro se status, he has failed to respond to the motion [for summary judgment] as directed. The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is

stopping short of using the harshest possible sanction of dismissal with prejudice. Lastly, the Court notes that the motion for summary judgment requests only a partial dismissal of Plaintiff's claims. (ECF No. 35-1, p. 2). This request further justifies a dismissal without prejudice in this case.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III.     CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated:   **February 23, 2022**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

4